NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3566
_____


YVONNE GOODE,
                              Appellant

v.


UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
TRANSPORTATION SECURITY ADMINISTRATION;
JOHN DOES 1-20; JANE DOES 1-20; JOHN ROES 1-20;
JANE ROES 1-20; ABC CORPORATIONS A TO Z


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-17-cv-12064)
District Judge: Honorable Madeline C. Arleo
_____


Submitted under Third Circuit LAR 34.1(a)
May 28, 2020

Before: AMBRO, HARDIMAN, and RESTREPO, *Circuit Judges*.

(Filed: May 28, 2020)

_____

OPINION[*]

_____

HARDIMAN, *Circuit Judge*.

Yvonne Goode appeals an order of the District Court dismissing her claims against the Transportation Security Administration (TSA) and the Department of Homeland Security (DHS) arising from an airport security screening. Goode alleged racial discrimination in violation of the United States Constitution, the Civil Rights Act of 1964, and the New Jersey Law Against Discrimination (NJLAD). She also alleged sexual assault under the Federal Tort Claims Act (FTCA).

The District Court dismissed the case for lack of subject matter jurisdiction. It reasoned the United States had not waived sovereign immunity for the discrimination claims. It also determined that Goode failed to name a proper defendant for her FTCA sexual assault claim. Finally, it found any amendment to her complaint would be futile because our precedent at the time held that TSA screeners were not amenable to suit because they were not covered by the law enforcement proviso to the FTCA's intentional tort exception. *Pellegrino v. TSA*, 896 F.3d 207, 229 (3d Cir. 2018), *vacated*, 904 F.3d 329 (3d Cir. 2018). We will affirm in part, vacate in part, and remand for further proceedings.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I[1]

Goode, an African-American woman, entered the security line at Newark Liberty International Airport on March 25, 2016. After passing through the metal detector, a female TSA officer told Goode the alarm went off, gave her a pat down, and swabbed her hands for chemicals. Goode alleged the officer used the front of her hands when patting down Goode's crotch area in violation of protocol, causing her to feel violated. Goode also alleged that she saw TSA officers search another African-American woman yet fail to search two Caucasian women and one Latina.

Goode filed an administrative claim and demanded $100,000 in damages from TSA. TSA denied the claim, advising Goode she could "file suit in an appropriate U.S. District Court not later than 6 months after the date this letter was mailed." App. 6. Goode filed a two-count complaint in the District Court. Count I included her three racial discrimination claims and Count II alleged sexual assault under the FTCA.

The District Court granted DHS and TSA's motion to dismiss for lack of subject matter jurisdiction and Goode timely appealed.

II

Goode argues the District Court erred in ruling that it lacked subject matter jurisdiction over her claims arising under the United States Constitution, Title II of the

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

Civil Rights Act of 1964, and the New Jersey Law Against Discrimination. But these three claims suffer from the same flaw: the United States has not "unequivocally expressed" its waiver of sovereign immunity. *Dep't. of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999).

Goode contends the FTCA waives sovereign immunity for her constitutional claims. This is incorrect. As we have held, "the United States is not liable under the FTCA for money damages for suits arising out of constitutional violations." *Couden v. Duffy*, 446 F.3d 483, 499 (3d Cir. 2006) (citing *F.D.I.C. v. Meyer,* 510 U.S. 471, 477–78 (1994)). The same is true for suits under state anti-discrimination laws, such as the New Jersey Law Against Discrimination. *Holt v. Shinseki*, 2013 WL 5797382, at *3 (W.D. Pa. Oct. 28, 2013); *Leitch v. MVM, Inc.*, 2004 WL 1638132, at *7 (E.D. Pa. Jul. 22, 2004). And Title II of the Civil Rights Act of 1964 allows only claims for injunctive relief, not those seeking damages, as Goode seeks here. *Newman v. Piggie Park Enters. Inc.*, 390 U.S. 400, 402 (1968); 42 U.S.C. § 2000a-3(a).

Goode argues DHS and TSA waived their sovereign immunity when, in denying her administrative claim, they advised that she could sue if she was unhappy with the decision. This argument is unpersuasive because "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in [the] *statutory text* and will not be implied." *Lane v. Pena,* 518 U.S. 187, 192 (1996) (internal citations omitted and

emphasis added). Congress did not provide such a waiver here, so we will affirm the District Court's dismissal of her racial discrimination claims.

III

Goode also argues the District Court erred when it dismissed her sexual assault claim in reliance on our then-controlling precedent in *Pellegrino*, 896 F.3d 207. Under 28 U.S.C. § 2680(h), certain enumerated intentional torts, including assault, are generally not cognizable under the FTCA. *CNA v. United States*, 535 F.3d 132, 148 (3d Cir. 2008). But the statute contains a proviso allowing claims for intentional torts committed by an "investigative or law enforcement officer of the United States." 28 U.S.C. § 2680(h). In *Pellegrino*, a panel of this Court held TSA agents were not law enforcement officers under the FTCA. 896 F.3d at 225. The District Court applied this rule, dismissing Goode's complaint for lack of subject matter jurisdiction, and explaining that amendment would be futile. As Goode points out, however, the en banc Court reversed, holding that TSA officers are law enforcement officers under the FTCA. *Pellegrino v. TSA*, 937 F.3d 164, 180 (3d Cir. 2019) (en banc). So that rationale no longer supports the District Court's decision.

The District Court dismissed Goode's FTCA claim for the alternative reason that she failed to sue the United States, which is the only proper defendant in a case brought under the FTCA. *CNA,* 535 F.3d at 138 n. 2; *see also Hughes v. United States,* 701 F.2d

56, 58 (7th Cir. 1982) ("Under the Federal Tort Claims Act, a governmental agency cannot be sued in its own name; the action must be brought against the United States."). Goode argues the United States automatically substitutes in for TSA and DHS under 28 U.S.C. § 2679(d)(1). But that section provides for the substitution of the United States only for individual federal employees acting within the scope of their employment. *See Osborn v. Haley*, 549 U.S. 225, 240–41 (2007). It does not provide authority for the substitution of the United States for federal agencies.

The District Court's alternative rationale for dismissing Goode's FTCA claim was correct. But the Court did not perform a futility analysis, so it is unclear whether Goode should be permitted to amend her complaint. We leave that decision to the District Court on remand consistent with Rule 15 of the Federal Rules of Civil Procedure.

*        *        *

For the reasons stated, we will affirm in part, vacate in part, and remand the matter to the District Court for further proceedings consistent with this opinion.